[No. 10995.   Department Two.   August 23, 1913.]

G. O. SMITH, *Appellant*, v. PACIFIC COAL & OIL COMPANY, *Respondent*.[1]

CORPORATIONS — REPRESENTATION—AUTHORITY — EVIDENCE—SUFFI-CIENCY.  Persons assuming to represent the president of a corporation in discharging an employee are shown to have been authorized to act, where the company at all times recognized their authority and the president, in a demand for an accounting, wrote the employee that he had been discharged by his order.

APPEAL—REVIEW—SCOPE AND THEORY OF CASE.  In an action by a discharged employee to recover salary after the discharge, recovery will not be allowed in the supreme court on a *quantum meruit*, where the action was not tried on that theory below nor any such issue submitted.

Appeal from a judgment of the superior court for King county, Myers, J., entered April 13, 1912, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract.   Affirmed.

*Charles R. Crouch*, for appellant.

*Williamson, Williamson & Freeman*, for respondent.

FULLERTON, J.—The appellant brought this action against the respondent to recover the sum of $2,194.59, claimed to be due for services rendered under a contract of hire entered into between himself and the respondent.   The action was tried by the court sitting without a jury, and resulted in a judgment in favor of the appellant in the sum of $14.59, and costs of the action.   This appeal followed.

The record discloses that the respondent is a domestic corporation having its principal place of business at Tacoma, Washington, and an office for the transaction of business at Seattle, Washington.   On May 27, 1909, it entered into a

[1]Reported in 134 Pac. 675.

contract with the appellant, by which the appellant agreed to enter into its service at the Seattle office for a salary of $100 for the first month, and $200 per month for the second and each succeeding month, the employment to continue "until revoked by a proper officer of the company."

The principal point in dispute between the parties is as to the time the employment was revoked and the appellant discharged. The respondent contended that the revocation occurred on July 15, 1910, while it is the appellant's contention that he was not discharged until June 13, 1911. The trial judge found the fact in accordance with the respondent's contention, and our examination of the record leads us to the conclusion that the weight of the evidence supports this finding. It is not necessary that we review the evidence. Both sides agree substantially as to the occurrences at the time the revocation of the employment is found by the court to have taken place; the dispute is over the authority of the persons who purported to represent the respondent. As to this question, we think there is no doubt that they had such authority. They purported to represent the president of the company, and the company has at all times since recognized their authority. Indeed, the letter of the president of June 13, 1911, which the appellant treats as his discharge, sustains the contention. Its opening sentence recites that the appellant was discharged "by the order of the writer in July, 1910," and the letter itself is a demand for an accounting rather than a notice of discharge.

In this court the appellant insists he performed services for the company, with the company's knowledge, after July 15, 1910, and that he should be allowed to recover on a *quantum meruit*. But the action was not tried on this theory in the court below, nor was the question at any time submitted for decision to that court. These facts alone, we think, preclude us from considering the question, but were the rule otherwise, we can find nothing in the evidence on which a recovery can

be based; the nature, amount, or value of the services claimed to have been rendered not being shown.

The judgment is affirmed.

CROW, C. J., MORRIS, MAIN, and ELLIS, JJ., concur.